UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JOSHUA LEVY,**<br><br>Defendant. | Case No. 25-MJ-211 |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(f)(1)(B) (offense with a maximum sentence of life imprisonment)[1] and 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm) as the Defendant, Joshua Levy, is charged with Using, Carrying, or Possessing a Firearm During a Crime of Violence or a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c).

Defendant Levy stands before this Court charged with illegally possessing a Glock 23 pistol with an extended magazine, as well as over 440 grams of Marijuana, digital scales, multiple plastic baggies, and $215 of cash in various denominations. In light of the presumption applicable

---

[1] During Levy's Initial Appearance, the Court inquired as to the maximum penalty Levy faces under 18 U.S.C. § 924(c). No statutory maximum penalty is provided for this crime, but the Supreme Court has interpreted § 924(c)(1)(A) mandatory minimum penalties to be accompanied by the maximum penalty of life imprisonment. *See Harris v. United States*, 536 U.S. 545 (2002) (interpreting § 924(c)(1)(A) and deciding that the statutory maximum sentence for section § 924(c)(1)(A) crimes is life imprisonment); *accord United States v. Ortiz-Garcia*, 665 F.3d 279, 285 (1st Cir. 2011); *United States v. Stewart*, 628 F.3d 246, 258 (6th Cir. 2010); *United States v. Shabazz*, 564 F.3d 280, 289 (3d Cir. 2009); *United States v. Johnson*, 507 F.3d 793, 798 (2d Cir. 2007); *United States v. Gamboa*, 439 F.3d 796, 811 (8th Cir. 2006); *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005); *United States v. Avery*, 295 F.3d 1158, 1170 (10th Cir. 2002); *United States v. Cristobal*, 293 F.3d 134, 147 (4th Cir. 2002); *United States v. Sandoval*, 241 F.3d 549, 551 (7th Cir. 2001); *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000); *United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000).

to this offense, and considering the factors specified under 18 U.S.C. § 3142(e)(3)(B), there are no conditions or combination of conditions short of detention that can ensure the safety of our community and the Defendant's return to Court. For the following reasons, Levy should be detained pending trial.

### I. Factual and Procedural History

On September 7, 2025, at approximately 19:57 hours, members of Target Enforcement Flex 1, comprised of the United States Marshals Service and United States Park Police, were patrolling the area of Southern Avenue SE, in Washington D.C.

During the patrol, Deputy United States Marshal Tristen Martin ("DUSM Martin") and United States Park Police Officer Nicholas Pierce ("Officer Pierce") observed a Grey Nissan Altima operating at night without headlights and without a front vehicle registration tag. Officers initiated a traffic stop near the intersection of Fitch Street and 53rd Street SE, in Washington D.C.

Upon approaching the vehicle, officers made contact with the driver and sole occupant of the vehicle, later identified as Joshua Levy. Officers requested that Levy roll down his window. When he complied, officers observed smoke emitting from the interior of the vehicle and detected the odor of burnt marijuana. Officers instructed Levy to exit the vehicle. As Levy stepped out, DUSM Martin observed, in plain view, an extended magazine and a portion of a firearm partially visible beneath the driver's seat. *See* Figure 1. Upon further inspection, DUSM Martin observed that the magazine was inserted into a Glock 23 pistol. The magazine contained 19 rounds of .40 caliber ammunition in 22 round extended magazine and 1 round in the chamber. *See* Figure 2.



*Figure 1: Firearm Recovered from Vehicle*



*Figure 2: Firearm, Magazine, and Ammunition*

A police records check of Levy revealed that he did not have a license to carry a concealed weapon in the District of Columbia as required by law. Levy also did not have a firearm registered to him as required by law.

In plain view on the passenger seat, Officer Pierce observed a bag containing marijuana, which was later weighed and contained approximately 427 grams of marijuana. Officers also observed multiple sandwich bags next to the bag of marijuana, as well as a digital scale on the passenger seat. *See* Figures 3 and 4. Officers also recovered a smaller bag of marijuana, weighing approximately 15 grams, from the center console of the vehicle, see Figure 5, as well as a digital scale in the back pocket of the passenger's seat.



*Figure 3: Marijuana, Sandwich Bags, and Digital Scale*



*Figure 4: Evidence Recovered from Vehicle*



*Figure 5: Marijuana in Center Console*

Upon search incident to arrest, Officers recovered $215 in US Currency in various denominations.

Based on the officers' training and experience, the quantity of marijuana, packaging, sandwich bags, multiple digital scales, and denominations of US currency found on Levy were consistent with possession with intent to distribute rather than simple possession. Drug traffickers often carry firearms to protect their drug supply and that firearms are widely considered 'tools of the trade' in drug trafficking. Due to the proximity of the firearm to the drug supply and the packaging and distribution material, officers believed that the firearm was possessed during, in relation to, and in furtherance of a drug trafficking crime.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); s*ee also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *See Smith*, 79 F.3d at 1210, *see Williams*, 798 F. Supp. at 36.

1. **The United States' States Bases for Detention**

The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(B) (offense with a maximum sentence of life imprisonment) and 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm) because the Defendant is a danger to the community, given his reckless and dangerous actions in possessing a loaded firearm in close proximity to large quantities of drugs and distribution paraphernalia.

A defendant must be detained pending trial if the court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(f)(1). The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In contrast, "[a] determination that an individual is a flight risk must be supported by a preponderance of the evidence." *United States v. Vasquez-Benitez*, 919 F.3d 546, 551 (D.C. Cir. 2019). The Act provides, however, that for certain crimes such as violations of § 924(c), there is a rebuttable presumption that no conditions or combinations of conditions will assure the safety of the community. *See id; see also United States v. Wade*, No. 07-CR-61, 2007 U.S. Dist. LEXIS 49894, at *3 (E.D. Wis. July 9, 2007) (firearm offenses under § 924(c) "create a rebuttable presumption that no conditions will reasonably assure the appearance of the defendant and the safety of the community"); *United States v. Baldazo*, No. 2:11 CR 77, 2012 U.S. Dist. LEXIS 200012, at *7 (N.D. Ind. Apr. 19, 2012) (same).

As the court is aware, 18 U.S.C. § 3142(g) enumerates four factors that the court should analyze in determining whether to detain the defendant pending trial: (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. Each of these factors weighs in favor of pretrial detention in this case. *See* 18 U.S.C. § 3142(g).

### A.      The Nature and Circumstances of the Offenses Weigh in Favor of Detention

The nature of the defendant's conduct is serious and weighs heavily in favor of pretrial detention in this case. Levy is charged with a serious offense carrying significant penalties; for violating 18 U.S.C. § 924(c), Levy faces a mandatory minimum sentence of 5 years imprisonment, and a maximum sentence of life in prison.

As a threshold matter, the Court has repeatedly held that simple possession of a loaded firearm poses a risk of danger to the community. *See, e.g., United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020); *United States v. Gassaway*, No. 21-cr-550 (RCL), 2021 U.S. Dist. LEXIS 175978 at *9-10 (D.D.C. Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is dangerous to the public); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 U.S. Dist. LEXIS 172978, 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community."); *see also United State v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020) (holding that a defendant should be detained pretrial in part because "the firearm recovered from the defendant's person had a round already chambered, making the circumstances even more troubling"), *aff'd* (D.D.C. Nov. 5, 2020).

However, this crime presents a particular danger to the community because the firearm recovered from Levy was possessed in close proximity to a distribution-level of narcotics and distribution paraphernalia, including scales, baggies, and cash.

This Court has repeatedly recognized the dangerousness associated with carrying a firearm in connection with drug distribution. *See, e.g.*, *United States v. Carr*, No. CR 22-289 (RDM), 2022 WL 13947798, at *4 (D.D.C. Oct. 22, 2022) (finding the first factor weighed in favor of detention given "the combination of drug distribution *and* the illegal possession of guns presents a serious danger to the community."); *United States v. Taylor*, 289 F. Supp. 3d 55, 71 (D.D.C. 2018) ("[A]lthough the mere fact that the defendant possessed a firearm does not constitute evidence of a danger to the community, possession of a firearm by a convicted felon who is allegedly engaged in illegal drug distribution is a different matter.").

The nature and circumstances of this offense weighs in favor of detention.

### B. The Weight of the Evidence Against the Defendant Favors Pretrial Detention

The weight of the evidence against the defendant also weighs in favor of pretrial detention. The facts here are generally not in dispute. After Levy was *Mirandized*, he was interviewed by agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Levy admitted to possessing the firearm and purchasing it from another individual for $900. He also admitted to possessing the marijuana, which was found in close proximity to the firearm and other distribution paraphernalia.[2] This factor weighs also weighs heavily in favor of detention.

### C. The Defendant's History and Characteristics Weigh in Favor of Detention

The third factor—the history and characteristics of the defendant—favors detention

---

[2] During the interview, Levy also attempted to tell ATF agents that the over 440 grams of marijuana, which was recovered near two digital scales and multiple plastic baggies, was for his own personal consumption.

because the defendant is dangerous and a flight risk.

Although Defendant Levy is 21 years old and has no criminal history, he now stands before this Court charged with a violation of 18 U.S.C. § 924(c), an offense that carries a mandatory minimum of five years imprisonment and maximum term of life imprisonment. The serious nature of the offense charged, along with the potential life sentence it could carry, creates a rebuttable presumption in favor of detention and functions as evidence that Levy poses a flight risk. *See United States v. Bess*, 678 F. Supp. 929, 934 (D.D.C. 1988); *see also In re Extradition of Brunner*, No. 24-mj-49, 2024 U.S. Dist. LEXIS 133052, at *9 (D.D.C. July 29, 2024) ("Courts have considered both age and the seriousness of the offenses as incentives to flee."); *United States v. Ingram*, 415 F. Supp. 3d 1072, 1085 (N.D. Fla. 2019) ("A defendant facing a substantial term of imprisonment has commensurate incentive to flee insofar as the cost of taking his chances at trial is great in comparison to the cost of fleeing"); *United States v. Ferrer-Sosa*, 28 F. Supp. 3d 122, 130 (D.P.R. 2014) (finding that long sentences, mandatory life or over (20) years, together with strong inculpating evidence constitutes a high flight risk of flight). Therefore, this factor weighs in favor of detention.

### D.  The Danger to the Community Created by Defendant's Release Weighs in Favor of Detention

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the Defendant's release, similarly weighs in favor of detention.

"At the outset, it cannot be gainsaid that unlawful possession of a firearm that is unregistered and fully loaded, with an extended capacity magazine, carried in a position of easy, quick access poses a significant danger to other persons and the community." *United States v. Blackson*, No. 23-cr-25 (BAH), 2023 U.S. Dist. LEXIS 18988, at *33 (D.D.C. Feb. 6, 2023). The

absence of use does little to detract from the danger posed by a firearm of this caliber, loaded with 19 rounds of ammunition in an extended magazine, more ammunition than the gun was originally designed to carry, thereby increasing its potential to do greater harm. *Id*.

Here however, Levy did not just possess this weapon; he also possessed over 440 grams of marijuana, digital scales, multiple plastic baggies, and $215 in cash in various denominations. While the Defendant's crime in this case did not result in any direct violence against another, possession of dangerous firearms equipped with extended magazines, especially when in connection with large quantities of narcotics, can and often does lead to dangerous consequences, thereby underscoring the need to take such crimes seriously. This fourth factor, as with all the three prior factors, weighs heavily in favor of pretrial detention.

### III. Conclusion

The government respectfully requests that the court issue an Order granting its motion that the Defendant be held without bond pending trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Jonathan A. Sussler*
Jonathan A. Sussler
N.Y. Bar No. 5973912
Special Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
Federal Major Crimes Section
601 D Street NW
Washington, D.C. 20530
(202) 815-8576
Jonathan.Sussler2@usdoj.gov